UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA BORSODI,

    Plaintiff,

v.                                            Case No. 8:15-cv-00803-RAL-MAP

ALLIED INTERSTATE, LLC,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO AMENDED MOTION FOR
SUMMARY JUDGMENT [DE 29 ]
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff by and through undersigned counsel pursuant to Rule 56, Federal Rules of Civil Procedure, hereby files Plaintiff's Response to Motion for Summary Judgment [29] against and as grounds therefore states as follows:

**Introduction and Summary:**

The TCPA, 47 U.S.C. §§ 227(b)(1)(iii), prohibits calls to cellular telephones by an Automatic Telephone Dialing System ("ATDS"), commonly referred to as a robo-dialer, without the prior express consent of the called party.

Summary Judgment in favor of Defendant is not appropriate in this present action because the undisputed facts show that:

    1) Defendant called Plaintiff's cellular telephone 316 times between October 18, 2013 through and including December 17, 2013 (Defendant's call logs, [DE 29-3];

    2) Defendant used an ATDS to make the calls (Depo. of Vanessa Borsodi,[DE 29-1] p 55, li 1-25, p 56, 1-25, p 57, 1-5).

3) Defendant had no express consent to make the complained of calls to either one of the Plaintiff's cell phone and further, Defendant acquired the Plaintiff's cell phone number through an unverified source, without any evidence of consent nor a good faith basis to believe that consent ever existed and

4) Plaintiff not only refused to consent to the complained of calls, but also specifically told Defendant to stop calling Plaintiff's cell phone number from the inception of Defendant's auto-dialing campaign against Plaintiff.

As set forth more fully below, Plaintiff respectfully submits that the undisputed material facts of this matter establish that Defendant is not entitled to judgment as a matter of law and that summary judgment should not be granted in Defendant's favor.

**Statement of Undisputed Facts:**

1. Plaintiff timely filed and served her complaint and demand for jury trial against the Defendant alleging violations of the Telephone Consumer Protection Act. ("TCPA"), 47 U.S.C. § 227 *et seq*. [DE 1].

2. Defendant called Plaintiff's cell phone number ending in 4577 repeatedly with an automated telephone dialing system more than 300 times, without express permission or consent from Plaintiff and even after Plaintiff specifically told Defendant to stop calling Plaintiff's cell phone. (Depo. of Vanessa Borsodi,[DE 29-1] p 55, li 1-25, p 56, 1-25, p 57, 1-5) See, Attachment A-Affidavit of Vanessa Borsodi,li 3-12).

4. Defendant's very own records establish the number of calls Defendant made to Plaintiff's cell phone number. (Defendant's call logs, [DE 29-3])

5. At all material times, Plaintiff owned, subscribed via Verizon and possessed cell phone number ending in 4577. (Depo. of Vanessa Borsodi,[DE 29-1] p 55, li 4-5).

6. This court has jurisdiction over this claim. (Attachment A-Affidavit of Vanessa Borsodi, li 1)

7. Defendant called Plaintiff's cell phone repeatedly, without express consent. (See, Attachment A-Affidavit of Vanessa Borsodi, li 3-12; Depo. of Vanessa Borsodi,[DE 29-1] p 55, li 1-25, p 56, 1-25, p 57, 1-5)

8. Under the TCPA, federal law provides for a penalty of between $500 and $1,500.00 per violation. (Section 227 (b)(3)).

9. Under the TCPA, federal law prohibits debt collectors from calling the cell phones of consumers, with auto-dialers, without the consumer's express consent. (Section 227(a)(3) & (4)).

10. Defendant called Plaintiff's cell phone with an ATDS, even though Defendant was verbally instructed not to call Plaintiff's cell phone as soon as Defendant began its calling campaign against Plaintiff. (See, Attachment A, Affidavit of Vanessa Borsodi, li. 6-8).

11. Plaintiff mailed Defendant cease and desist letters on November 4, 2013 and again on November 13, 2014. (Depo. of Vanessa Borsodi,[DE 29-1], p 51,li.2-25, p 54, li. 1-12)

12. Each call Defendant made to Plaintiff's cell phone was made with an automated telephonic dialing system. The Rule 30(b)(6) designee testified that Defendant used a soft phone connected to a computer to place the calls to Plaintiff. (Depo. of Jonathan Juarez,[DE 29-2], p 7, li 14-25)

## Memorandum of Law

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Thus, the nonmoving party "may not rest upon the mere allegations or denials of her

3

pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Evidence is reviewed in the light most favorable to the non-moving party. *Fennell v. Gilstrap,* 559 F.3d 1212, 1216 (11th Cir. 2009) (citing *Welding Servs., Inc.*, 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by demonstrating that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

There is no reasonable doubt that Defendant called Plaintiffs' cell phone(s), repeatedly with an automated telephone dialing systems and/or predictive telephone dialing system without Plaintiffs' express consent, in violation of the TCPA. As of this date, Defendant has been entirely unable or unwilling to provide any documentation that could suffice as "express consent" under the Act or even common legal principals regarding "express consent". Instead, Defendant simply assumed that Defendant had express consent or that its principal Synchrony Bank may have had express consent. In the event that Defendant is able to prove that Walmart or Synchrony had obtained Plaintiff's consent at one time, Plaintiff testified that she told Defendant to stop calling her and that she sent two cease and desist letters.

**<u>Telephone Consumer Protection Act – Generally</u>**

"Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs.*, LLC, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs.*, LLC, 132 S.Ct. 740, 745 (2012)). The TCPA, in relevant part, makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone

service . . . ." 47 U.S.C., § 227(b)(1)(A). "The TCPA is essentially a strict liability statute" and "does not require any intent for liability except when awarding treble damages*.*" *Alea London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011).

**<u>Defendant's Use Of An Automated Telephone Dialing System</u>**

Defendant's discovery responses and testimony makes it clear that Defendant used an automated telephone dialing system ("ATDS") to make the offending calls to Plaintiff's cell phone.[1]

Furthermore, in this case, Defendant used an ATDS because its Catch system and dialing software constituted predictive dialers. The FCC has interpreted an ATDS as "cover[ing] any equipment that has the specified capacity to generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02–278, Report and Order, 18 FCC Rcd. 14014, 14092 (2003) ("2003 TCPA Order") (emphasis added). A predictive dialer is considered an ATDS under the TCPA. *Id.* at 14093. "A predictive dialer is...hardware, when paired with certain software, [which] has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers... from a database of numbers." *Id.* at 14091. The FCC states that "the basic function of such equipment ... [is] the capacity to dial numbers without human intervention." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 566 (2008). *See also*,

---

[1] The statute defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a) (emphasis added). To satisfy that definition, the equipment does not actually have to store or produce telephone numbers or to use a random or sequential number generator; it merely must have the capacity to do so. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

*Jones v. FMA Alliance Ltd.*, 2013 WL 5719515, *1, n. 9 (D. Mass. Oct. 17, 2013) ("The FCC determined that 'equipment that dials a list of numbers (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS, because 'the basic function of such dialing equipment' is the same—'the capacity to dial numbers without human intervention.' ") (citation omitted); *Echevvaria* 2014 WL 929275 at *4-5; *Sherman v. Yahoo! Inc.*, 2014 WL 369384, *5-6 (S.D. Cal., Feb. 3, 2014).

Admittedly, Defendant initially denied the same the controlling elements of both "auto-dialer" and "consent". However, the veracity of Defendant's denial has been in question since the inception of this case as Defendant has not been willing or able to produce any document *signed or endorsed by Plaintiff in any way* that could be or would be permitted to stand as "express consent" by any legal authority under the Act or even common law. Further, Defendant's own testimony betrays Defendant's earlier pleadings as Defendant has admitted to using a telephone system that is obviously a predictive dialer, which is clearly contemplated by the statute.

The Act clearly requires "express consent". (See, Section 227 (a)(3&4)). Express consent is exactly what it sounds like. Indeed, the *Mais* court has rejected any notion that something less than express consent would suffice or that express consent could somehow be implied. See, *Mais v. Gulf Coast Collection Bureau Inc*., 2013 WL 1899616, *13 (S.D. Fla. May 8, 2013). Further, even by virtue of common definition, the term express consent is regarded specifically as, "consent that is clearly and unmistakably stated". (See, *Id*., *citing* Black's Law Dictionary.) Further, On June 30, 2014 the FCC provided an amicus brief to the Second Circuit Court of Appeals on the issue of consent in the debt collection context in the case of *Albert A. Nigro v. Mercantile Adjustment Bureau, LLC,* no. 13-1362. In its brief the FCC stated that,

based on the facts of the case, the plaintiff did not consent to the autodialed debt collection calls because he did not provide his cell phone number during the transaction that resulted in the debt owed. Citing a prior FCC order, the commission stated: "[p]rior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." See Declaratory Ruling, 23 FCC Rcd 599, 564-65, ¶ 10 (2008). Further, was [a]n individual's consent, once obtained, is "not unlimited." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, *SoundBite Communications, Inc. Petition for Expedited Declaratory Ruling*, 27. FCC Rcd 15391, 15397 (¶11) (2012). The burden to establish consent lies with the calling party. *Richard Gilmore d/b/a Democratic Dialing, Citation and Order Prerecorded Message Violations*, 28 FCC Rcd 1831, 1834 (¶ 7) (2013). See ACA Order, 23 FCC Rcd at 565 (¶10).

In the instant case, when Plaintiff testified during her deposition that she applied for the credit card at Walmart she did not receive any documentation that indicated that she was agreeing to have an automated dialing system call her cell phone. The burden is on the Defendant to prove that it had consent to call Plaintiff's cellular telephone number. The Defendant has failed to produce any admissible evidence in support of the fact that it had the consent to call the Plaintiff's cellular telephone number 300 plus times during two month time span.

The proverbial bottom line is that Defendant has no proof of having prior express consent before embarking on an automated telephonic harassment campaign directed at Plaintiff's cell phone and no reasonable jury could find in favor of Defendant under controlling legal principles

when applied to the admissible facts at bar.  Defendant has failed to meet its burden such that its Motion for Summary Judgment and must therefore be denied.

Dated May 9, 2016.

**/s/W. John Gadd**
W. John Gadd
FL Bar Number 0463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

**/s/ Lisa Wilcox**

By: _____

Lisa R. Wilcox, Esquire
FBN: 697291
Wilcox Law, P.A.
721 First Avenue North, Suite 100
St. Petersburg, Florida 33701
888-945-2695
lisa@wilcoxlawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original and a true and correct copy of the foregoing will be served on the Defense Counsel on the 9th day of May 2016 and filed with the Court's electronic filing system.

**/s/ Lisa Wilcox**

By: _____

Lisa R. Wilcox, Esquire