**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VANESSA BORSODI,

    Plaintiff,

v.                                              CASE NO.  8:15-cv-803-T-26MAP

ALLIED INTERSTATE, LLC,

    Defendant.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the parties' written submissions, it is **ORDERED AND ADJUDGED** that the Defendant's Amended Motion for Summary Judgment (Dkt. 29) is **denied** for the following reasons.

    First, the Court is in complete agreement with the Plaintiff's fundamentally crucial contention that there is nothing in the record before this Court which conclusively proves that the Plaintiff ever gave express consent to Walmart, Synchrony Bank, or the Defendant to contact her on her cellular telephone.  Indeed, in paragraphs three and four of Defendant's statement of material facts contained in its amended motion for summary judgment, Defendant's counsel materially misrepresents the deposition testimony of the Plaintiff with regard to this issue of express consent.  Plaintiff's testimony was clear - (1) she was not aware of ever having seen exhibit two about which she was being questioned

and which purportedly gave her written consent to Synchrony Bank to be contacted at her cellular telephone number by an automatic telephone dialing system and (2) she did not remember ever possessing the document.[1]  Furthermore, the Defendant's corporate representative acknowledged that he had not seen any documentation signed by the Plaintiff expressly giving her consent to being contacted for debt collection purposes.

Second, based on the testimony of the Defendant's corporate representative, and notwithstanding his self-serving testimony with regard to "human intervention," there is a genuine issue of material fact as to whether the Defendant called the Plaintiff at her cellular telephone number by utilizing an automatic telephone dialing system.  A reasonable jury could determine from his testimony that the Defendant used a soft phone connected to a computer to contact the Plaintiff and that such a mode of communication falls within the definitional ambit of 47 U.S.C. § 227(a)(1)(A) and (B).

**DONE AND ORDERED** at Tampa, Florida, on May 10, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1]  The Court notes with curiosity that Defendant's counsel has not proffered this document in the Defendant's submissions in support of its amended motion for summary judgment.